**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **Tamara Woodruff** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 1:19-cv-540** |
| | ) | |
| **Med-1 Solutions, LLC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF
# THE FAIR DEBT COLLECTION PRACTICES ACT

## Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

## Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

## Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Tamara Woodruff, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Med-1 Solutions, LLC. (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 517 U.S. Highway 31 N., Greenwood, IN 46142.

14. The Defendant is a debt collection agency; and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect alleged debts from Plaintiff.

18. The Plaintiff incurred debts that were primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debts owed by Plaintiff went into default.

20. After the debts went into default the debts were placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the alleged debts.

22. The Plaintiff requested that the Defendant cease all further communication on the alleged debts.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. In 2015, the Plaintiff retained Sawin, Shea & Des Jardines, LLC for legal representation regarding the Plaintiff's debts.

26. Prior to January 26, 2015, the Defendant was attempting to collect numerous debts from Plaintiff.

27. For example, prior to January 26, 2015, the Defendant had reported to Experian credit reporting agency that the Plaintiff owed multiple debts to its client, St. Vincent Hospital.

28. For example, prior to January 26, 2015, the Defendant reported to Experian account number XXX7661 with a balance of $873. *See Exhibit "2" attached hereto.*

29. For example, prior to January 26, 2015, the Defendant reported to Experian account number XXX2735 with a balance of $175. *See Exhibit "2" attached hereto.*

30. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies. *See* Daley vs. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Oreg. 2010); Akalwadi v. Risk Mgmt Alternatives, Inc., 336 F.Supp.2d 492, 503 (D. Md. 2004).

31. On January 26, 2015, the Plaintiff filed for bankruptcy protection under Title 11, Chapter 13, of the United States Code, bankruptcy case number: 15-00409-JJG-13. Upon filing a bankruptcy case the Court issues an automatic stay prohibiting debt collection. The notification expressly prohibits any type of debt collection for debts subject to the automatic stay. *See Exhibit "3" attached hereto*.

32. The Plaintiff's bankruptcy petition contained a list of schedules of debts.

33. The aforementioned debts were listed on Schedule F. The Defendant itself was listed as a creditor on the Plaintiff's bankruptcy petition.

34. On or about January 29, 2015, the Trustee's office sent the Chapter 13 Plan to those entities listed on the Plaintiff's bankruptcy petition. The Defendant was one such entity. Thus, the Defendant received notification regarding Plaintiff's bankruptcy case from the Chapter 13 Trustee. *See Exhibit "4" attached hereto.*

35. On or about January 30, 2015, the Bankruptcy Noticing Center sent notification to those entities listed on the Plaintiff's bankruptcy petition. The Defendant was one such entity. Thus, the Defendant received numerous electronic notices of Plaintiff's bankruptcy case. *See Exhibit "3" attached hereto*.

36. On February 11, 2015, the Plaintiff filed an Amended Chapter 13 Plan.

37. On or about February 17, 2015, the Trustee's office sent the Amended Chapter 13 Plan to the entities listed on the Plaintiff's amended bankruptcy petition. The Defendant was one such entity.   Thus, the Defendant received an additional notice regarding Plaintiff's bankruptcy case.   *See Exhibit "5" attached hereto.*

38. On June 19, 2018, the Plaintiff received a discharge of her debts. *See Exhibit "6" attached hereto*.

39. On or about June 21, 2018, the Bankruptcy Noticing Center sent the Defendant a copy of the Discharge Order, including an Explanation of Bankruptcy Discharge in a Chapter 13 Case.  Thus, the Defendant received numerous electronic notices regarding the discharge of the alleged debts that Defendant was attempting to collect.  *See Exhibit "6" attached hereto*.

40. The notices sent to the Defendant by the Bankruptcy Noticing Center explicitly stated, "[t]he discharge prohibits **any** attempt to collect from the debtor a debt that has been discharged.  For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise...." (emphasis added) *See Exhibit "6" attached hereto*.

41. On or about January 29, 2019, the Plaintiff obtained and reviewed a copy of her Experian credit report.  *See Exhibit "2" attached hereto*.

42. The TransUnion, Experian and Equifax credit reports show the Defendant reported the alleged debts at issue in this case as being opened prior to the filing of Plaintiff's bankruptcy case.

43. The January 29, 2019, Experian credit report shows that the Defendant was continuing to report the alleged debts at issue as viable debts when, in fact, the alleged debts at issue in this case were included in Plaintiff's bankruptcy case and, therefore, are subject to the discharge injunction of the U.S. Bankruptcy Court. *See Exhibit "2" attached hereto*.

44. For example, as of January of 2019, despite the multiple notices sent by the Trustee's office and the Bankruptcy Noticing Center, the Defendant continued to report account number XXX7661 with a balance of $873 on the Plaintiff's Experian credit report.  This tradeline fails to indicate that the alleged debt is subject to the discharge injunction of the U.S. Bankruptcy Court.  *See Exhibit "2" attached hereto*.

45. For example, as of January of 2019, despite the multiple notices sent by the Trustee's office and the Bankruptcy Noticing Center, the Defendant continued to report account number XXX2735 with a balance of $175, on the Plaintiff's Experian credit report.  This tradeline fails to indicate that the alleged debt is subject to the discharge injunction of the U.S. Bankruptcy Court. *See Exhibit "2" attached hereto*.

46. The Defendant was misrepresenting the legal status of the alleged debts to various credit reporting agencies which constitutes a violation of the FDCPA.

47. The Defendant is attempting to collect numerous alleged debts that it is legally enjoined from collecting which constitutes a violation of the FDCPA.

48. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 48 of the complaint are realleged and incorporated herewith by references.

3  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

4  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

5  The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

6  As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
Sawin, Shea & Steinkamp, LLC.
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 255-2600
Fax: (317) 255-2905
Email: John@sawinlaw.com